## No. 611
### BENJ. E. SEIBERT v. CELIA SEIBERT
### No. 18361. Supreme Court.

Pending on motion of Benjamin to require Champaign Appeals to certify; dock. June 6, 1924. 2 Abs. 404.

413. DIVORCE—Custody of child under ten.

The statement of this case is from the brief of plaintiff in error, Benj. E. Seibert.

On Sept. 26, 1921, Benj. E. Seibert commenced an action for divorce against his wife, Celia, in the Champaign Common Pleas, and asked for the custody of their daughter, Margaret, born Oct. 24, 1919. As a result of the trial, the sitting judge granted him a divorce on the ground of gross neglect of duty, and the custody of the child, finding that the welfare of the offspring would be subserved by its being with the father. The case was taken to the Court of Appeals on error, and the judgment reversed by it, on the ground of newly discovered evidence, which the trial court had considered as cumulative and insufficient.

A new trial was granted by the Court of Appeals and a temporary order made by the Common Pleas Judge on June 27, 1923, while the father was absent with the child, granting to the mother the custody for the purpose of bringing the child back to the custody of the court, when, the court announced, it would return and make a new order. Nov. 16, 1923, the court made an order granting the custody to each of the parents every other week until Sept. 1, 1925, and also ordered that the husband pay $10 every other week for the support of the child, the order not to take effect until the husband had paid to the wife $785.26, by Dec. 1, 1923, and which would entitle him to the custody and control of the child until the date when the order was to expire and an new order made. He paid the money on Nov. 27, 1923, and claims that from Dec. 1, 1923, he was thereby entitled to the child every other week until Sept. 1, 1925. The child had been with the father and the members of his family for more than two years, when the order dividing the custody was made.

She accepted the money, and filed her petition in error in the Champaign Court of Appeals, which court, May 24, 1924, modified the judgment as to the custody of the child and made a new order allowing her to have the custody of the child, with the exception of a few weeks in the summer, without requiring her to return the money, which he claims was paid to her in consideration that he was to have the child every other week until Sept. 1, 1924 and by her acceptance and retention of the money he claims she waived her right to prosecute error. He also raised the question that the judgment of the Common Pleas was not subject to error proceedings, unless there was an abuse of discretion which was not charged in the motion for a new trial or in the petition in error. The appellate court overruled his motion for a judgment upon the pleadings and another to dismiss the case because opposing counsel had not submitted to him a journal entry within the five days required by Rule IX of the Court of Appeals practice, both of which he charges as error.

He also claims that the appellate judges violated 8032 GC., which provides that parents shall stand on an equality in the matter of care, custody and control of offspring, when under ten years of age. He asserts also that the action of the Court of Appeals as to the custody of the child, when the matter had been settled satisfactorily by the Common Pleas, and also that its action was influenced by propaganda put forth by certain people back of the wife and the religious issue injected in the case by the wife.

Attorneys—Benjamin E. Seibert, Urbana, for himself; McGrew & Laybourne, Springfield, and Deaton, Bodey and Deaton, Urbana, for wife.